UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 97-7578

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARYL WILLIAMS, a/k/a Big Ears, a/k/a Ears,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (CR-93-155, CA-97-281-5-BO)

Submitted: April 7, 1998   Decided: April 24, 1998

Before MURNAGHAN, HAMILTON, and MOTZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Daryl Williams, Appellant Pro Se. Robert Edward Skiver, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). We have reviewed the record and find that Appellant has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C.A. § 2253(c)(2) (West 1994 & Supp. 1997). Accordingly, we deny a certificate of appealability and dismiss the appeal.

Appellant failed to show that his counsel's performance was deficient and that he was prejudiced by counsel's conduct. See Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Burkley, 511 F.2d 47, 51 (4th Cir. 1975). Appellant's plea agreement clearly stated that Appellant was pleading guilty to participating in a conspiracy concerning the distribution of crack cocaine. Thus, any objection to an offense level based upon crack cocaine would have been frivolous. Furthermore, any objection by counsel to the court's finding that Appellant was responsible for 67 kilograms of crack cocaine would have also been frivolous. There was evidence at sentencing that Appellant was responsible for purchasing a kilogram of crack cocaine per week on a continuing basis. Under U.S. Sentencing Guidelines Manual § 2D1.1(c) (1995), Appellant would only need to be found responsible for 1.5 kilograms of crack cocaine in order to reach a base offense level of 38. Finally, contrary to Williams's contention, counsel did object to a three-level increase for Appellant's role in the offense.

For these reasons, we deny a certificate of appealability and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED